# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Frederick Shearouse Bergen, Jr., Respondent.

Appellate Case No. 2024-001087

---

Opinion No. 28240
Submitted October 16, 2024 – Filed November 6, 2024

---

## PUBLIC REPRIMAND

---

Disciplinary Counsel William M. Blitch, Jr., and Senior Assistant Disciplinary Counsel Kelly B. Arnold, both of Columbia, for the Office of Disciplinary Counsel.

Peter Demos Protopapas and Robert Turner Bonds, both of Rikard & Protopapas, LLC of Columbia, for Respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents to the imposition of a public reprimand or a definite suspension not to exceed nine months, along with other conditions of discipline.  We accept the Agreement and issue a public reprimand.  The facts, as set forth in the Agreement, are as follows.

## I.

The Court conditionally admitted Respondent to the practice of law on July 7, 2021.  Respondent's admission to the Bar was conditioned upon Respondent successfully completing a two-year monitoring contract with Lawyers Helping

Lawyers (LHL) due to his previous substance abuse issues, including alcohol. Respondent executed the LHL contract on July 12, 2021. Among other items, the LHL contract required Respondent to "totally refrain from the use of all mood-altering substances including alcohol."

Respondent suffered four alcohol relapses between October 2021 and January 2022. On October 17, 2021, and October 31, 2021, Respondent consumed alcohol. On November 13, 2021, Respondent was involved in a one-vehicle car accident in Georgia in which he was the only occupant. Respondent was charged with DUI Alcohol/Less Safe, Failure to Maintain Lane, and Failure to Wear a Seat Belt. The DUI charge was reduced to reckless driving, and upon pleading guilty Respondent was sentenced to twelve months of probation.[1] On January 15, 2022, Respondent was involved in another one-vehicle car accident in Georgia in which he again was the only occupant. Respondent was charged with DUI/Less Safe, Hit and Run, and Open Container of Alcohol in a Motor Vehicle. The DUI charge was again reduced to reckless driving; Respondent pled no contest and was sentenced to twelve months of probation. Respondent has complied with all probation requirements,[2] and his probation terminated early on April 15, 2024.

The LHL contract also required Respondent to "immediately notify [his] monitor in the event [he] use[s] mood-altering substances." However, Respondent failed to report his two October 2021 alcohol relapses to his LHL monitor for approximately six weeks. Respondent did report his November 2021 and January 2022 alcohol relapses, car accidents, and criminal charges to his LHL monitor within two days of the incidents. Respondent also reported his October alcohol relapses to the Commission on Lawyer Conduct (the Commission) and the Court's Office of Bar Admissions approximately six weeks after the relapses and his DUIs within two days of those incidents. On April 28, 2022, the Court placed Respondent on interim suspension due to Respondent violating his LHL contract.[3] In addition to an approximate two-week stay at an inpatient treatment facility in November 2021, Respondent admitted himself into Hanley Center Counseling (the

[1] Respondent's probation related to the November 13, 2021 accident was terminated early on November 21, 2022.

[2] As related to the January 15, 2022 incident, Respondent completed an Alcohol and Drug Evaluation, a Victim Impact Panel, a Risk Reduction Program, and 40 community service hours. Respondent also paid the court-ordered $100 fine.

[3] *In re Bergen*, 438 S.C. 25, 881 S.E.2d 766 (2022).

Hanley Center), a rehabilitative facility, on January 19, 2022.  Respondent remained at the Hanley Center for two months in an intensive rehabilitative program.  Once discharged, Respondent immediately engaged in outpatient clinical rehabilitative services, which he continues to receive.  Since being discharged from the Hanley Center in March 2022, Respondent has submitted over two thousand compliant breathalyzer tests and over forty compliant urine tests.  Respondent is also very involved with Alcoholics Anonymous, including volunteering and attending over four hundred meetings since June 6, 2022.  Respondent has maintained his sobriety since January 19, 2022.  Respondent also executed a two-year monitoring contract with LHL on April 15, 2022, and has been compliant since that time.  On May 1, 2024, the Court granted Respondent's motion to lift his interim suspension, and he was reinstated to the practice of law.

## II.

Respondent admits that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 3.4(c) (prohibiting a lawyer from knowingly disobeying an obligation under the rules of a tribunal); Rule 8.4(a) (prohibiting a violation of the Rules of Professional Conduct); and Rule 8.4(b) (prohibiting a lawyer from committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer).

Respondent also admits that his misconduct constitutes grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR:  Rule 7(a)(1) (providing a violation of the Rules of Professional Conduct is a ground for discipline); Rule 7(a)(5) (providing conduct bringing the legal profession into disrepute or conduct demonstrating an unfitness to practice law is a ground for discipline); and Rule 7(a)(7) (providing that willfully violating a valid court order issued by a court of this state is a ground for discipline).

In the Agreement, Respondent admits his wrongdoing and agrees to a public reprimand or a definite suspension not to exceed nine months.  In addition to agreeing to pay the investigative and prosecutorial costs incurred in this matter, Respondent agrees to the following conditions of discipline: 1) to enter into and comply with a two-year monitoring contract with LHL, which shall include an ongoing relationship with a monitor designated by LHL; (2) quarterly reporting to the Commission for two years by the LHL monitor; and (3) for the LHL monitor to file a final report with the Commission within thirty days of the end of the two-year monitoring period.

Attached to the Agreement are three character affidavits in mitigation. The first affidavit is from Respondent's treating physician, who has been treating Respondent's alcoholism since March 2022 following Respondent's inpatient treatment at the Hanley Center. In his affidavit, the physician details the treatment, therapy, and monitoring, including a remote photo-verified breathalyzer device and random drug and alcohol testing, Respondent has done and continues to do with respect to his recovery. In his affidavit, the physician opines that Respondent poses no danger to himself, others, or the practice of law. The second affidavit is from Respondent's best friend who has known him for almost 32 years. The third affidavit is from a Georgia-licensed attorney that knows Respondent personally and professionally. The three affiants attest to Respondent's commitment to working on his recovery and to moving forward in overcoming his past issues.

## III.

We hereby accept the Agreement. In light of Respondent's significant steps taken toward achieving and maintaining sobriety, we find a public reprimand is appropriate in this matter. Accordingly, we accept the Agreement and publicly reprimand Respondent for his misconduct. As conditions of discipline, Respondent shall:

A. Enter into and comply with the terms of a new two-year monitoring contract with LHL, which shall include an ongoing relationship with a monitor designated by LHL.

B. Report quarterly to the Commission for a period of two years beginning within thirty days of the date of this opinion. The report shall include Respondent's affidavit of compliance and a statement from the LHL monitor.

C. File a final report with the Commission from the LHL monitor regarding Respondent's compliance with the LHL contract within thirty days of the end of the two-year period. The report must also contain the monitor's recommendations for future monitoring, if any. If further monitoring is recommended, the Commission shall determine whether the terms of this Agreement should be extended for another year.

Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission.

**PUBLIC REPRIMAND.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**